# NEW JERSEY MISCELLANEOUS REPORTS. 553

N. J. Dept. Labor—Lloyd v. Campbell Soup Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

## ANNA LYOLD, PETITIONER, v. CAMPBELL SOUP COMPANY, RESPONDENT.

### Injury to Arm—Petitioner Failed to Show That the Injury Which Resulted in Death Resulted From the Employment.

On determination and dismissal.

For the petitioner, *Joseph B. Tyler.*

For the respondent, *Richard W. Baker.*

A formal petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on before me for a formal hearing in Camden, on December 3d, 1925, the petitioner being represented by Attorney Joseph B. Tyler and the respondent by Attorney Richard W. Baker.

The petitioner, Mrs. Anna Lloyd, testified in her own behalf, and Dr. Arts was also called to testify for her, and Dr. Buzby was called by the petitioner to testify as to the injury from which the deceased was suffering on September 25th, 1924, and also to give the history of the case as given to him by the deceased. On behalf of the respondent, Drs. Summerill, Lewis, Brennan, Buzby and German were called to testify.

The petitioner alleged that her husband, Edwin Lloyd, received an accident arising out of and in the course of his employment, on September 22d, 1924. She further alleged that the injury suffered by the deceased to his elbow developed into bursitis of the elbow, for which he was treated by Dr. Buzby at the respondent's plant on September 25th. Later, Edwin Lloyd died at the Cooper Hospital, on October

24th, 1924, from a condition diagnosed as carcinoma of the head of the pancreas. It is alleged by the petitioner that the death was brought on and hastened by the alleged injury by accident on September 22d.

The respondent showed that the deceased was in poor condition, dating back to April, May and June, 1924, at which time he was suffering from jaundice and a malignant condition. The respondent further went on to show that there was no evidence of any injury sustained by accident while the deceased was working for the respondent, and then produced doctors to trace the medical condition of the deceased from the date of the alleged accident until the time of the death to show that the condition of the elbow was consistently improving and had almost healed at the time the deceased was admitted to the hospital on October 22d. The respondent further showed that the death was due to a malignant condition and could not have been caused by the alleged accident, and then further went on to show, by Dr. Buzby and Dr. German, that the weakness and loss of blood because of the bursa was merely a temporary condition, and that the deceased had recovered from this condition before the malignant condition became worse and caused the death of the deceased.

After carefully going over the evidence in this case, I find that the petitioner has failed to sustain the burden of proving that the deceased suffered an injury by accident arising out of and in the course of the employment. There was no evidence that the alleged injury arose out of or in the course of the employment, and the only thing that there was that indicated that there was an injury by accident was the history of the case given by the deceased to Dr. Buzby on September 25th. This history was merely evidential as to treatment by Dr. Buzby, and was not evidential as to whether or not an injury occurred by accident. Therefore, I find, not only that the petitioner failed to show that the alleged injury arose out of and in the course of the employment, but has also failed to show an injury by accident.

I further find, as a matter of fact, that the evidence does not sustain the burden of proving that the death was in any way caused or aggravated by the alleged injury by accident. Both Dr. Buzby and Dr. German testified that the bursitis had greatly improved, and the deceased was better about two weeks after the alleged injury. Their testimony showed that any temporary weakness sustained by the deceased because of loss of blood due to the bursa had been overcome by the improvement of the deceased, and that the general condition was better until the malignant condition, which was not caused by the alleged accident, and which was the direct cause of the death of Mr. Lloyd, set in more violently and rapidly caused the deceased to grow worse. Even Dr. Arts, testifying for the petitioner, stated that when he last saw the deceased early in May, he did not expect him to last as long as a year because of the malignant condition. Accordingly, I cannot find that the evidence discloses any hastening of death because of the bursa by any aggravation of a preexisting condition.

I, therefore, find that the petition in this case should be dismissed, and the same is hereby dismissed without costs to either party.

CHARLES E. CORBIN,
*Deputy Commissioner.*